■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO REYES, Appellant. [688 NYS2d 557] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered July 17, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to three concurrent terms of 5 to 10 years concurrent with concurrent terms of 1½ to 3 years and 2 to 4 years, unanimously affirmed.

We reject defendant's contention that the prosecutor improperly elicited evidence that the undercover officer had engaged in an uncharged drug transaction at defendant's residence. The record shows that the officer never specifically stated that he bought drugs from defendant on a prior occasion, but only that he had made purchases at the building in question. Considering that the jury was later told that other individuals at that location were also selling drugs, it cannot be concluded, as defendant claims, that the testimony raised an inference that defendant regularly sold drugs or that defendant had a propensity to commit the crimes charged. Moreover, any alleged defect stemming from the remark was cured by the court's instruction to the jury (*see, People v Berg*, 59 NY2d 294, 299-300).

Defendant's claims with respect to certain remarks made by the prosecutor during summation have not been preserved for appellate review and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks did not deprive defendant of a fair trial. Concur—Nardelli, J. P., Williams, Tom, Rubin and Friedman, JJ.